# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>       Plaintiff,        )<br>  v.                             )<br>                                 )<br>JESUS RIVERA,            )<br>                                 )<br>       Defendant.       )<br>_____) | CRIM. NO.: 1:09-cr-00021 |

## MEMORANDUM OPINION

Finch, Senior Judge

### I.  Introduction

THIS MATTER comes before the Court on Defendant Jesus Rivera's Motion to Suppress. Defendant seeks to suppress evidence found during the execution of a search warrant at his residence, including a firearm, drugs and statements made by Defendant following his arrest. Defendant contends that the affidavit upon which the search warrant was issued contained insufficient information to allow the Magistrate Judge to conclude that there was probable cause that evidence of a crime would be found at Defendant's residence. This Court held a hearing on this matter on January 26, 2009. Because this Court finds that the affidavit supporting the application for the search warrant provided a substantial basis for the Magistrate Judge to find probable cause to issue the search warrant, Defendant's motion is DENIED.

## II. Background

On or about August 26, 2009, Drug Enforcement Administration Special Agent James E. Semrick Jr, applied for a search warrant to search Defendant's residence, No. 224, Estate Sion Farm. In the search warrant affidavit ("affidavit"), Special Agent Semrick stated that over the past three months, the Virgin Islands "Crime Stoppers" Tip Line received several messages from an anonymous caller that Defendant Jesus Rivera lived near the mill in Sion Farm and was distributing marijuana at or near Lew Muckle Elementary School in Sion Farm. The caller also claimed that Rivera was in possession of an unlicensed firearm and that he was cultivating marijuana at his residence in Sion Farm. Agent Semrick stated that the tipster called the Crime Stoppers line "on many occasions" to complain about Rivera and that the tipster's last call was August 9, 2009. (Aff. 2.)

Based upon the description provided by the anonymous tipster, law enforcement officers, including Agent Semrick, visited the area near the mill at Sion Farm and determined that Rivera lived at No. 224, Estate Sion Farm, which was two houses away from "the corner of the street near Lew Muckle Elementary School." (Aff. 2.) In front of No. 224, officers observed a charcoal 1993 Toyota Corolla with license plates P-489. A motor vehicle database check revealed that this car was registered to Jesus Rivera of 224 Sion Farm. In the affidavit, Agent Semrick stated that "[o]ur physical surveillance was able to corroborate the tipster's claim regarding the very close physical proximity between RIVERA's residence, the Lew Muckle School and the Old Mill." (*Id*.) Agent Semrick further reported that he and other officers observed activities of individuals consistent with the street level sale of controlled substances at the area near Lew Muckle School.

Additionally, Semrick stated that Rivera "has been a subject in another narcotics investigation currently being conducted" by local law enforcement. (Af. 2.) The affidavit stated that on January 31, 2009, police received an anonymous tip that a large package of marijuana would be delivered to the "Mailboxes N More" at Sunny Isles.[1] Police observed a 2007 gold Honda CRV with license plate CDO-616 arrive at the Mailboxes N More. A vehicle database search indicated that the gold CRV belonged to Rivera. Police officers observed a man, later identified as Orlando Carino, leave the vehicle, enter the store, pick up a large package similar to the one described by the tipster and place it into the back of the gold CRV. Police then stopped the vehicle and, pursuant to Carino's consent, searched the vehicle. Inside the car, police found 25 pounds of marijuana in the package picked up from Mailboxes N More by Carino as well as an unlicensed shotgun. Also found in the car was a receipt for a $2,000 cash payment made by Rivera and Carino to Hendrick's International of St. Croix for the gold Honda CRV. (Aff. 3.)

Based on the information given by the anonymous tipster, its corroboration by physical surveillance, and the information regarding Rivera's prior involvement with narcotics trafficking, Agent Semrick opined that there was probable cause to believe that evidence of drug trafficking crimes would be found at No. 224. Estate Sion Farm. (Aff. 3.) The Magistrate Judge agreed and issued the search warrant. On August 26, 2009, law enforcement officers executed the search warrant at No. 224 Estate Sion Farm and discovered a firearm, marijuana plants, bagged marijuana, baggies, and a scale. Defendant was subsequently charged with various drug and gun

---

[1] It is unknown whether the Mailboxes N More tipster is the same as the Lew Muckle Elementary tipster.

crimes, including possession of a controlled substance with intent to distribute within 1000 feet of a school and possession of an unlicensed firearm.

### III. Discussion

#### a. Standard of Review

Because of "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant . . . [a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "The Supreme Court has clearly indicated that the conclusions of a neutral magistrate regarding probable cause are entitled to a great deal of deference by a reviewing court, and the temptation to second-guess those conclusions should be avoided." *United States v. Ritter*, 416 F.3d 256, 236 (3d Cir. 2005) (citing *Gates*, 462 U.S. at 236); *see also United States v. Conley*, 4 F.3d 1200, 1204 (3d Cir. 1993). "When reviewing the sufficiency of an affidavit and resulting warrant" the Supreme Court has instructed courts "not to engage in after-the-fact scrutiny that take[s] the form of *de novo* review." *Ritter*, 416 F.3d at 263-64 (internal quotations omitted). "The Court need not determine whether probable cause actually existed, but only whether there was a 'substantial basis' for finding probable cause." *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001); *Ritter*, 416 F.3d at 262 (same).

#### b. Probable Cause

The Fourth Amendment of the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause,

supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Rule 41(d) of the Federal Rules of Criminal Procedure states that after "receiving an affidavit . . . a magistrate judge . . . must issue the warrant if there is probable cause to search for and seize a person or property." "Probable cause exists to support the issuance of a search warrant if, based on a totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Bond*, 581 F.3d 128, 139 (3d Cir. 2009) (citing *Gates,* 462 U.S. at 238).

"[P]robable cause which will justify the issuance of a search warrant is less than certainty or proof, but more than suspicion or possibility, the test being whether the allegations of the supporting affidavit warrant a prudent and cautious man in believing that the alleged offense has been committed." *United States ex rel. Campbell v. Rundle*, 327 F.2d 153, 163 (3d Cir. 1964) (quotation omitted). Suspicion is not enough to establish probable cause. *United States v. Harris*, 403 U.S. 573, 597 (1971). "[A] warrant affidavit must set forth particular facts and circumstances underlying the existence of probable cause." *Franks v. Deleware*, 438 U.S. 154, 165 (1978). The affidavit, "read as a whole in a realistic and common sense manner," must "allege specific facts and circumstances" showing that "the items sought to be seized are associated with the crime and located in the place indicated." *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005).

"[A] warrant may issue even in the absence of direct, first-hand evidence." *Ritter*, 416 F.3d at 262 (citing *United States v. Burton*, 288 F.3d 91, 103 (3d Cir. 2002)). Anonymous tips may serve as the predicate for a finding of probable cause. *See e.g. United States v. Mays*, 466

5

F.3d 335, 343 (5th Cir. 2006). However, when an affidavit is based solely on an anonymous tip, the tip usually requires corroboration. See *Gates*, 426 U.S. at 227. When a tip is partially corroborated, the district court must determine whether the details corroborated by police are sufficient to make it likely that the tipster is correct concerning the allegations that criminal activity has occurred. *United States v. Khounsavanh*, 113 F.3d 279, 284 (1st Cir. 1997). A warrant should only be issued when, given all the circumstances set forth in the affidavit, "including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Harvey*, 2 F.3d 1318, 1321-22 (3d Cir. 1993) (quoting *Gates*, 462 U.S. at 238-39)).

The probable cause "to justify the issuance of a search warrant must exist at the time the warrant is issued." *United States v. Harris*, 482 F.2d 1115, 1119 (3d Cir. 1973). In other words, the observations supporting probable cause must not be stale. "It is not enough that the items may have been at the specified location at some time in the past – there must be probable cause to believe that they are there when the warrant issues." *United States v. Tehfe*, 722 F.2d 1114, 1119 (3d Cir. 1983). "The question of the staleness of probable cause depends more on the nature of the unlawful activity alleged in the affidavit than the dates and times specified therein." *Harris*, 482 F.2d at 1119; *Harvey*, 2 F.3d at 1322 (same). "The likelihood that the evidence sought is still in place depends on a number of variables, such as the nature of the crime, of the criminal, of the thing to be seized, and of the place to be searched." *Tehfe*, 722 F.2d at 1119. "[W]hen an activity is of a protracted and continuous nature the passage of time becomes less significant." *Id*. (internal quotation omitted). On the other hand, "[w]here the affidavit recites a

mere isolated violation it would not be unreasonable to imply that probable cause dwindles rather quickly with the passage of time." *Harris*, 482 F.2d at 1119.

### c. There Was a Substantial Basis for the Magistrate Judge to Find Probable Cause to Issue the Warrant

Defendant argues that the warrant affidavit did not provide a "substantial basis" for the Magistrate Judge to find probable cause and issue the search warrant. Specifically, Defendant contends that the warrant affidavit contains nothing more than an uncorroborated anonymous tip and a stale reference to the use of Defendant's gold Honda CRV for the transportation of drugs by an unrelated party.[2] The Government argues that taking into account the "totality of the circumstances," the Magistrate Judge was correct in finding probable cause.

According to the affidavit, the anonymous tipster stated that Rivera "lived in Sion Farm across from the mill," is "distributing marijuana at or near the Lew Muckle Elementary school in Sion Farm," possessed an unlicensed firearm and "was cultivating marijuana on his property." (Aff. 1-2.) Police were able to corroborate that Rivera lived at No. 224 Estate Sion Farm which is close to Lew Muckle Elementary and the mill. Corroboration of innocent information about the Defendant, by itself, is generally insufficient to support a finding that the rest of the

---

[2] In his brief and at oral argument, Defendant urges the Court to apply the five factor test espoused in *United States v. Torres*, 534 F.3d 207 (3d Cir. 2008), in assessing the reliability of the anonymous tipster. The Government objects to Defendant's citation to *Torres*, arguing that it was a warrantless search case while this case involves a warrant. The five factors espoused by the *Torres* Court are not exhaustive and the ultimate issue is whether "the unknown caller's tip possessed sufficient indicia of reliability, when considering the totality of the circumstances." *Torres*, 534 F.3d at 211. Because this Court applies the totality of the circumstances test, it is not necessary to discuss each of the five *Torres* factors.

information provided by the tipster is reliable. *United States v. Tuter*, 240 F.3d 1292, 1297 (10th Cir. 2001) (corroboration of "innocent, innocuous information about the [Defendant]'s appearance, residence, cars and child" insufficient to corroborate tipster's claim that Defendant was making a pipe bomb in his garage); *United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir. 1993) ("[M]ere confirmation of innocent static details is insufficient to support an anonymous tip. The fact that a suspect lives at a particular location or drives a particular car does not provide any indication of criminal activity.").

However, the analysis does not end there. Police did corroborate that there was drug activity going on in the same area as indicated by the tipster. While police did not find Rivera selling drugs as claimed by the tipster, they did observe drug distribution activity in the same location indicated by the tipster. The Magistrate Judge could have found the fact that the tipster was correct concerning the presence of illegal activity in a specific location an indicia of the tipster's reliability and corroborative of the tipster's other allegations concerning the Defendant's illegal activity. *United States v. Brown*, 448 F.3d 239, 250 (3d Cir. 2006) (corroboration of aspects of tip concerning "its assertion of illegality" indicates reliability) (citing *Florida v. J.L.*, 529 U.S. 266 271 (2000)); *United States v. Bush*, 647 F.2d 357, 363 (3d Cir. 1981) ("adequate corroboration of some of the elements of a tip can satisfy the veracity" of the tipster); *United States v. Gladney*, 48 F.3d 309, 313 (8th Cir. 1995) ("When an informant's information is at least partly corroborated, [] attacks upon credibility and reliability are not crucial to the finding of probable cause.") (internal quotations and citations omitted).

Similarly, the Magistrate Judge could also have found Agent Semrick's statement that "Rivera has been the subject in another narcotics investigation currently being conducted by the

DEA-HIDTA Task Force" and the information that Defendant's car had been used to transport 25 pounds of marijuana corroborative of the tipster's allegation concerning Defendant's drug cultivation and distribution at his residence. (Aff. 2.) Law enforcement reports as to a defendant's previous drug smuggling activities can corroborate a tipster's veracity. *Ritter*, 416 F.3d at 263; *United States v. Bynum*, 293 F.3d 192, 198 (4th Cir. 2002) (citing *United States v. Foree*, 43 F.3d 1572, 1576 (11th Cir. 1995)). "[O]bservations of illegal activity occurring away from the suspect's residence, can support a finding of probable cause to issue a search warrant for the residence, if there is a reasonable basis to infer from the nature of the illegal activity observed, that relevant evidence will be found in the residence." *Hodge,* 246 F.3d at 307 (quoting *United States v. Thomas*, 989 F.2d 1252, 1255 (D.C.Cir. 1993)).

While the information regarding the use of Defendant's car was approximately eight months old, the Magistrate Judge had reason to believe that it was still relevant. The tipster began calling three months before the warrant was issued and continued to call "on many occasions" reporting that Defendant was distributing marijuana – the same type of drug found in the gold Honda CRV registered in his name. The ongoing nature of the drug distribution reported by the tipster combined with the report of marijuana seized in Defendant's car is a sufficient basis to consider the report of marijuana found in Defendant's car as timely. *Tehfe*, 722 F.2d at 1119 ("[W]hen an activity is of a protracted and continuous nature the passage of time becomes less significant.").

When viewed under the totality of the circumstances, this Court cannot say that the Magistrate Judge lacked a substantial basis to find probable cause that a search of Defendant's residence would reveal evidence of drug trafficking. The purpose of corroboration is to ensure

that the tipster is honest and reliable. *Gates*, 462 U.S. at 239. But, "the risk that the informant is lying or in error need not be wholly eliminated. Rather, what is needed is that the probability of a lying or inaccurate informer has been sufficiently reduced by corroborative facts and observations." *Khounsavanh*, 113 F.3d at 284 (internal quotations omitted). Here, the tipster's claims that Defendant was involved in drug trafficking were partially corroborated by police observations of drug dealing in the area where the tipster indicated as well as the ongoing investigation into Defendant stemming from the discovery that his car was used to transport a significant amount of marijuana.

The Court acknowledges that this case is a close call. The Court also recognizes that the historical preference for searches conducted pursuant to a warrant mandates that this Court give "great deference" to the Magistrate Judge's determination of probable cause (*Gates*, 462 U.S. at 236) and "not to engage in after-the-fact scrutiny that take[s] the form of *de novo* review." *Ritter*, 416 F.3d at 263-64. "[T]he resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *Hodge*, 246 F.3d at 305. The deferential standard with which this Court must view the magistrate's initial probable cause determination tips the scale in favor of determining that the magistrate had a substantial basis for finding probable cause existed.

### d. Even if the Magistrate Lacked Probable Cause, the *Leon* Good Faith Exception Bars Application of the Exclusionary Rule

Even if the affidavit was insufficient to establish a substantial basis for the Magistrate Judge to issue the warrant, the Court finds that the good faith exception to the exclusionary rule

applies. See *United States v. Leon*, 468 U.S. 897 (1984). "The good faith exception instructs that suppression of evidence is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority." *Hodge*, 246 F.3d at 307 (citation omitted). Generally, the fact that a search was conducted pursuant to a warrant suffices to "prove that an officer conducted a search in good faith and justifies application of the good faith exception." *Id*.

The good faith doctrine does not apply "[w]here the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Zimmerman*, 277 F.3d 426, 436-37 (3d Cir. 2002). At the hearing, Defendant argued that based on Agent Semrick's twenty years of law enforcement experience, he should have known that the affidavit was insufficient to justify the search warrant. Defendant's contention is without merit.

While not the strongest, the affidavit submitted by Agent Semrick was not a "bare bones document" containing merely conclusory allegations. See *Hodge*, 246 F.3d at 309. The affidavit detailed multiple calls from an anonymous tipster indicating that the Defendant was cultivating and distributing drugs from his residence near an elementary school. The affidavit explained Agent Semrick's efforts to corroborate the information provided by the tipster including corroboration that Defendant lived where the tipster indicated, that there was "the street level sale of controlled substances" in the same area the tipster indicated they would find Defendant selling drugs, and that a car registered to and at least partially paid for by the Defendant had previously been used to transport 25 pounds of marijuana. "At a minimum, the affidavit was not clearly lacking in indicia of probable cause, but presented a close call. Once the magistrate judge made that call, it was objectively reasonable for the officers to rely on it." *Hodge*, 246 F.3d at 309. Furthermore, whether an anonymous tip is reliable enough to supply the probable cause

necessary to issue a warrant is largely a "judgment call" by the magistrate judge. *United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993). "When judgment calls of this kind are required, officers should be able to rely on the magistrate judge's determination of the law." *Hodge*, 246 F.3d at 309. Accordingly, the good faith exception applies.

## IV.    Conclusion

The Court finds that the Affidavit provided a substantial basis for the Magistrate Judge to find probable cause for the issuance of the search warrant. The Court also finds that even if the Magistrate Judge erroneously issued the warrant, the *Leon* good faith exception to the exclusionary rule applies. Accordingly, the Court DENIES Defendants' Motion to Suppress.

ENTER:

Dated: January 28, 2010                   _____/s/_____
                                          HONORABLE RAYMOND L. FINCH
                                          SENIOR U.S. DISTRICT JUDGE